FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,

v.

STME, LLC d/b/a
MASSAGE ENVY--SOUTH TAMPA
          Defendant.

_____/

Case No. 8:17 cv 977 T35 TBM

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat. 3553 (2008) (codified as amended in sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The United States Equal Employment Opportunity Commission ("EEOC") alleges that Defendant STME, LLC d/b/a Massage Envy—South Tampa (hereinafter "Defendant" or "Massage Envy") violated the ADA, as amended, by terminating Kimberly Lowe because it regarded her as disabled due to her impending trip to Ghana.



## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of the Title VII of Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 200e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. The EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Florida corporation, doing business in Tampa FL and has had at least 15 employees.

5. At all relevant time, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Section

101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

7. More than thirty days prior to institution of this lawsuit, Kimberly Lowe filed a Charge of Discrimination with the EEOC alleging Massage Envy violated the ADA.

8. On September 6, 2016, the EEOC found reasonable cause to determine that Lowe had been terminated by the Defendant because she was regarded as disabled, in violation of the ADAAA.

9. On September 6, 2016, the EEOC invited Defendant to engage in informal conciliation efforts to remedy the practice found unlawful.

10. By letter dated December 27, 2016, EEOC informed Defendant that EEOC was unable to secure from Defendant a conciliation agreement acceptable Commission.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF FACTS

12. Massage Envy is a wellness franchise located in Tampa, Florida and offers massage and skin care services.

13. Kimberly Lowe was employed by Massage Envy as a massage therapist beginning January 13, 2012.

14. At all relevant times, Lowe was capable of performing her job duties in a satisfactory manner and without the need of any accommodation.

15. In September, 2014, Lowe sought approval of a time-off request for an October 2014 trip to visit her sister in Ghana.

16. Massage Envy's Business Manager Roxanna Iorio approved her request.

17. On October 22, 2014, after Lowe's last scheduled shift before her approved vacation, one of the Defendant's owners Ron Wuchko and Iorio requested a meeting with Lowe. During the meeting, Wuchko and Iorio demanded that Lowe cancel her trip to Ghana or be terminated, because of the company's concern that she would be infected with Ebola if she traveled to Ghana.

18. Ebola is a physical impairment that substantial limits those infected in one or more major life activity, including, but not limited to, circulatory function and immune system function.

19. Wuchko decided to terminate Lowe and not permit her to return to work at already scheduled shifts following her trip because of her refusal to cancel the trip "given the potentially catastrophic consequences that an outbreak of Ebola could pose to America."

20. Wuchko terminated Lowe at the October 22, 2014 meeting and thus she was not permitted to return to work for her previously scheduled shifts following her trip.

21. Subsequent to the October 22, 2014 meeting, Lowe travelled to Ghana.

22. There was no Ebola outbreak in Ghana in 2014.

23. Massage Envy based its decision to terminate Lowe based on its unfounded fears and beliefs about Ebola and Lowe's risk for the disease.

24. As a result of Defendant's conduct, Lowe suffered damages.

## STATEMENT OF CLAIMS

25. Paragraphs 1 through 24 are incorporated herein.

26. Defendant violated Section 102(a) of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), by terminating Lowe because it regarded her as disabled because of it believed that she could contract Ebola.

27. The effect of the practices complained of in paragraphs 12 to 24 has been to deprive Lowe of her rights secured by the Americans with Disabilities Act, as amended.

28. The unlawful practices complained of in paragraphs 12 to 24 were intentional and caused Lowe to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/ or physical damages.

29. The unlawful employment practices complained of in paragraphs 12 to 24 were intentionally done with malice and/or reckless indifference to federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Massage Envy, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in disability discrimination against employees and retaliating against employees who object to disability discrimination;

B. Order Massage Envy to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees with disabilities that eradicate the effects of its past and present unlawful employment practices;

C. Order Massage Envy to make whole Ms. Lowe by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but

not limited to, reinstatement of Ms. Lowe into her former or a substantially similar position;

D. Order Massage Envy to make whole Ms. Lowe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 24 including, but not limited to, back-pay, prejudgment interest, and all out-pocket expenses, in amounts to be determined at trial;

E. Order Massage Envy to make whole Ms. Lowe by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 12 through 24 including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Massage Envy to pay Ms. Lowe punitive damages for its malicious and reckless conduct described in paragraphs 12 through 24 in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: April 26, 2017

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney
Florida Bar No: 285676

KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar No: 153729

Equal Employment Opportunity
Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1790

*/s/ Brandi Y. Meredith*

BRANDI Y. MEREDITH
TRIAL COUNSEL
Trial Attorney
Florida Bar No. 027668

U.S. Equal Employment Opportunity
Commission
Tampa Field Office
501 E. Polk Street, Suite 1000
Tampa, Florida 33602
Tel: (813)202-7930
Brandi.Meredith@eeoc.gov